IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30628
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

WARREN J. BROUSSARD, JR.,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. CR-94-20018
- - - - - - - - - -
September 20, 1996

Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

Warren J. Broussard, Jr., appeals his conviction and sentence for possession with intent to distribute cocaine base pursuant to 21 U.S.C. § 841. Broussard argues that the district court erred in denying the downward adjustment for acceptance of responsibility because he gave a signed confession and did not contest the presence or amount of narcotics, and the only issue

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

at trial was whether he could be held accountable for the mental state of the crime rather than his participation. He contends that application note 2 to U.S.S.G. § 3E1.1 applies. Broussard denied his guilt and put the Government to its burden of proof on an element of the crime, intent to distribute. The district court did not clearly err in denying the adjustment. United States v. Cartwright, 6 F.3d 294, 304 (5th Cir. 1993), cert. denied, 115 S. Ct. 671 (1994).

Broussard argues that, based on expert testimony, cocaine base and powder cocaine are scientifically the same substance, that the disparity in the guidelines ranges for the two drugs is unfounded, and that the lesser guideline range for powder cocaine should apply according to the rule of lenity and the Equal Protection Clause. This court rejected this identical argument in United States v. Flanagan, 87 F.3d 121, 123-24 (5th Cir. 1996); see also United States v. Cherry, 50 F.3d 338, 342-44 (5th Cir. 1995)(rejecting equal protection argument).

Broussard's statement is sufficient evidence from which to infer his intent to distribute the cocaine. The record is not devoid of evidence of his intent to distribute. United States v. Laury, 49 F.3d 145, 151 (5th Cir.), cert. denied, 116 S. Ct. 162 (1995); United States v. Pierre, 958 F.2d 1304, 1310 (5th Cir.) (en banc).

Broussard's speedy trial argument is abandoned for failure to brief it. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Likewise, Broussard has failed to brief and has thus abandoned his argument that his later consent to search the van

was tainted by the alleged prior illegal arrest, rendering the arrest issue moot.

AFFIRMED.